IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM RAGEN, etc.,

                Plaintiff,             Case No. 3:08 CV 1022

-vs-

                                            O R D E R

HANCOR, INC.,

                Defendant.

KATZ, J.

This matter is before the Court on the Plaintiff's Motion for Reconsideration (Doc. 80) of the portion of this Court's earlier memorandum opinion (Doc. 68) of January 19, 2010, dismissing Count III of the First Amended Complaint. The motion will be denied.

**I. Standard of Review**

The purpose of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is to allow the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1989). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, three major situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to consider newly discovered evidence; or (3) to prevent a clear error of law or a manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir.2007) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Rather, a motion

to alter or amend is proper only if it calls to the Court's attention "an argument or controlling authority that was overlooked or disregarded in the original ruling, presents manifest evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp. 2nd 573, 634 (N.D. Ohio 2003).

## II. Discussion

The present motion concerns Count III of Plaintiff's First Amended Complaint, which asserted breach of contract claims for the alleged failure of the Defendants to pay Plaintiff commissions subsequent to his "purported effective date of termination on or about December 7, 2007."

In its earlier memorandum opinion, this Court dismissed Count III because "it is Ohio law that '[a]bsent a contract for future commissions, an employee is not entitled to post-employment commissions on previously generated business,' and the Plaintiff has not pled the elements of a valid contract for post-termination commissions." (Doc. 68 at 8) (quoting *International Total Services, Inc. v. Glubiak*, 1998 WL 57123 at *2 (Ohio App. 8 Dist. Feb. 12, 1998)).

Plaintiff contends, however, that this analysis "did not specifically address whether Plaintiff was entitled to commissions on sales where the order was placed before the effective date of termination but was paid for by the customer after the effective date of termination." Without citing any authority, Plaintiff asks this Court to hold that he is entitled to such commissions and, correspondingly, "enter a new and superseding order that only partly dismisses Count III."

These arguments are not well taken. Under the terms of the parties' contract, Plaintiff (as "Representative") was to receive commissions from the "Manufacturer" "at the end of each month based upon the previous month's net sales amount *collected* . . . ." ((Doc. 52, Exh. J at 6)

2

(emphasis added). The contract further provided that the Representative would have one of his salespeople "see to [the] collection" of "past-due account[s]" and that "[t]he Manufacturer shall not be liable to the Representative for any commission on any invoice which is not paid for by the customer." *Id*. In this way, the contract contemplated that the Representative would earn his commissions by overseeing collection efforts as well as sales efforts.

Because Plaintiff was only entitled to commissions on the basis of sales amounts "collected" in the previous month, and not total sales, his claim for commissions on pre-termination sales that were not "collected" until after his termination is one for "post-employment commissions on previously generated business." Contrary to Plaintiff's assertion, then, this Court's previous memorandum opinion "specifically address[ed]" this type of claim in the discussion noted above (Doc. 68 at 8). That is, "sales where the order was placed before the effective date of termination" but paid afterwards represent "previously generated business", and commissions on such sales are "post-employment commissions," because the Plaintiff was not entitled to them prior to his "purported effective date of termination." Since Plaintiff failed to allege facts indicating an agreement between the parties for post-employment commissions, his claim for recovery of such commissions was properly dismissed.

For the foregoing reasons, the Motion for Reconsideration (Doc. 80) is denied.

IT IS SO ORDERED.

                              s/ *David A. Katz*
                              DAVID A. KATZ
                              U. S. DISTRICT JUDGE